■ LEONA WICK, Appellant, v. CORNRICH BEVERAGES, INC., Respondent-Appellant, and GABRIEL FOOD CENTER, INC., Respondent.— Per Curiam. Appeal from an order granting summary judgment to defendant in an automobile negligence case. The plaintiff, a passenger, brought an action against Gabriel Food Center, Inc. (hereinafter referred to as Gabriel), the owner of the auto-

mobile truck in which she was riding, and against Cornrich Beverages, Inc. (hereinafter referred to as Cornrich), another automobile truck owner. While the issue is not raised, we note that the plaintiff's moving papers are fatally defective, the affidavit in support of the motion being made by an attorney and not by a person having personal knowledge of the facts. (See *Di Sabato* v. *Soffes,* 9 A D 2d 297, 301; *Ross* v. *Continental Cas. Co.,* 25 A D 2d 702; cf. *Hood* v. *Murray,* 25 A D 2d 163, app. dsmd. 17 N Y 2d 911.) However, because of the existence of factual issues as hereinafter discussed, we are not disposed to treat the case on that ground. The examination before trial of the plaintiff was submitted to this court and a reading thereof leaves open the question, *inter alia,* as to the manner of operation of the automobile of Gabriel from the time the Cornrich truck started across the mall until the automobiles stopped without making contact; the only collision being between the Gabriel automobile and some unidentified truck, not a party to this action. The statements made by the operators of the automobiles upon which the respondent relies are not binding on the plaintiff nor do they necessarily establish freedom from liability on the part of either driver. The testimony of the plaintiff as to the speed of the automobile in which she was riding is somewhat equivocal and in any event, only one element of a possible finding of negligence. Reference has been made in the respondent's brief to testimony in examinations before trial of the drivers of the Gabriel and Cornrich automobiles but it was not included in the record in this court. There are factual issues as to the happening of this unusual accident still unresolved and summary judgment should not have been granted. Judgment and order reversed, on the law and the facts, with costs to plaintiff-appellant. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.