■ PETER LAMBERTA, an Infant, by His Mother and Natural Guardian, LOIS LAMBERTA, et al., Respondents, v LONG ISLAND RAIL ROAD et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from so much of an order of the Supreme Court, Queens County, dated September 15, 1975, as denied their motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. The affidavit in support of defendants' motion was made by an attorney, who submitted therewith a memorandum of law. Aside from a reference to plaintiffs' bill of particulars (which was to be submitted on the return date of the motion), the affidavit contained no other reference to the facts, but offered the conclusion that plaintiff Peter Lamberta had been contributorily negligent as a matter of law. Neither the bill of particulars nor the memorandum of law are referred to in the recital paragraph of the order appealed from. Accordingly, the record merely contains a fatally defective affidavit submitted by an attorney who did not have personal knowledge of the facts (see *Wick v Cornrich Beverages,* 27 AD2d 595). The affidavit of plaintiffs' attorney only contains a conclusory restatement of portions of a particular deposition (cf. *Dorkin v American Express Co.,* 43 AD2d 877). On a motion for summary judgment the moving party has the

burden to set forth evidentiary facts to establish the cause sufficiently to warrant judgment as a matter of law; anything less requires a denial of the motion, even where the opposing papers are insufficient (see *Greenberg v Manlon Realty,* 43 AD2d 968). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.