Meyer, J.
(concurring). I concur in the conclusion of the majority that the transit authority’s motion for summary judgment should have been granted, but do so on the ground, articulated in Presiding Justice Murphy’s dissent below (66 AD2d, at pp 267-268), that the failure of the authority’s bus driver to stop close to the curb could not be found to be a proximate cause of plaintiffs injury.
I cannot agree, however, to the reasoning of the majority, which in my view is a hypertechnical exaltation of form over substance. That an attorney’s affidavit is insufficient to put before the court on a motion for summary judgment facts of which he has no personal knowledge is an eminently sound rule well known to the Bar, but it is likewise well known that an affidavit based on documentary evidence in an attorney’s possession is probative and sufficient, notwithstanding his lack of personal knowledge (Getlan v Hofstra Univ., 41 AD2d 830, 831, app dsmd 33 NY2d 646).
The latter rule, moreover, permits use of an attorney’s affidavit to put before the court factual data from a deposition (Dorkin v American Express Co., 43 AD2d 877; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.09). Lamberta v Long Is. R. R. (51 AD2d 730), relied on by the majority, is not to the contrary, for it was the conclusory nature of the restatement rather than the failure to annex the deposition which formed the basis for the ruling in that case. Here, the factual data is set forth in the affidavit as fact, rather than as conclusion (see 66 AD2d, at p 250). While it would certainly have been better practice to annex the deposition summarized, to seize upon the failure to do so as the ground for dismissal would appear to be contrary to the practice as presently understood.
Nor should denial by the Appellate Division of plaintiffs application to supplement the record by annexing the transcript of the examination before the comptroller be given significance in view of the acceptance by the majority of that court of the attorney’s affidavit as sufficient to present the *565 facts.* To deal with its doing so as an error of law, rather than an unreviewable act of discretion, is needlessly to ignore the realities of litigation practice and to expose attorneys to possible malpractice liability without material benefit to the administration of justice.
Chief Judge Cooke and Judges Jasen, Wachtler and Fuchsberg concur with Judge Jones; Judge Meyer concurs in a separate opinion in which Judge Gabrielli concurs.
Order reversed, with costs, and the motion for summary judgment granted against all codefendants. Question certified answered in the negative.

 Of possible significance also in that respect is Presiding Justice Murphy’s statement that in considering the merits of the appeal the court had taken judicial notice of the entire county clerk’s file (66 AD2d, at p 261).