■ CECILE KULPA, Respondent, v STEWART'S ICE CREAM et al., Appellants.—Casey, J. Appeal from an amended order of the Supreme Court (Walsh, Jr., J.), entered July 29, 1987 in Montgomery County, which, *inter alia,* denied defendants' motions for summary judgment dismissing the second and third causes of action in the complaint.

In January and February 1979, the Department of Transportation (hereinafter DOT) conducted tests of water from plaintiff's well, based upon an earlier complaint, and found it contained more than three times the acceptable level of gasoline. Plaintiff's neighbor, Charles Phillips, also complained of gasoline in his well water. DOT traced the source to a leak in a 1,000-gallon gasoline storage tank located on premises owned by defendant Stewart's Ice Cream. Stewart's was notified of that finding on or about February 2, 1979 and the leaking tank was immediately drained. In July 1979, all three gasoline storage tanks located at the Stewart's premises were replaced. Defendant Clifford Banta, as executor of the estate of N. E. Banta, the owner of a home heating oil distribution business located in that vicinity, emptied a 1,000-gallon gasoline tank located on its premises September 8, 1978 following the complaint by Phillips. Subsequent examination of this tank revealed no leaks.

Plaintiff commenced action by service of a summons and complaint on October 25, 1982. The complaint alleges causes

of action in negligence, public nuisance and continuing trespass. As an alleged fourth cause of action, plaintiff sought punitive damages for the intentional misconduct of defendants. Banta moved for dismissal of the complaint as time barred or, alternatively, for an order dismissing the fourth cause of action for its failure to state a cause of action. Supreme Court (Cerrito, J.) determined that plaintiff's first cause of action, alleging negligence, accrued in September 1978 and was, therefore, time barred by the three-year Statute of Limitations. Supreme Court further dismissed plaintiff's fourth cause of action, holding that the claim for punitive damages did not constitute a separate cause of action *(see, Figueroa v City of New York,* 84 AD2d 572). As to the second and third causes of action, alleging a continuing nuisance and continuing trespass, Supreme Court denied Banta's motion since those alleged torts were recurring in nature.

Thereafter, in April 1987, both defendants moved for summary judgment, contending that all of the causes of action were time barred or legally insufficient. As to both defendants, Supreme Court denied their motions to dismiss the second and third causes of action for public nuisance and continuing trespass. Although Supreme Court agreed that the second cause of action for public nuisance was insufficient, it found that the cause of action sufficiently included within its allegations a cause of action for private nuisance against both defendants. Based upon the prior determination of Supreme Court, which ruled that the first and fourth causes of action relative to Banta were legally insufficient and which were not appealed, Supreme Court ruled that those same causes of action were insufficient as to Stewart's. Both defendants appeal the denial of their motions for summary judgment relating to the second and third causes of action.

In response to Banta's motion for summary judgment as to the second and third causes of action, plaintiff has offered no evidence except the assertion of her attorney, who does not appear to have personal knowledge of the facts as to any defect in Banta's gasoline storage tank or of any causal connection between any conduct on the part of Banta and plaintiff's damages. Having sufficiently established its defense to plaintiff's action *(see, Lamberta v Long Is. R. R.,* 51 AD2d 730), Banta cast the burden upon plaintiff to demonstrate evidentiary support for her causes of action against Banta *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717), and she has failed to do so *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). We therefore conclude that plaintiff's com-

plaint against Banta should have been dismissed in its entirety.

In regard to plaintiff's cause of action for continuing private nuisance which Supreme Court found sufficiently pleaded in the second cause of action against Stewart's, we agree with Supreme Court that that cause of action is sustainable *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564). Where, as here, a private continuing nuisance arises out of negligence and is alleged to be recurring, the wrong is not referable exclusively to the day when the original tort was committed *(509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52). However, damages are recoverable only to the extent that they were sustained during the three years immediately prior to the commencement of the action *(see, Kearney v Atlantic Cement Co.,* 33 AD2d 848; *see also, State of New York v Schenectady Chems.,* 103 AD2d 33). Therefore, even though Stewart's acted promptly in draining its tank on February 2, 1979 when it was notified of a leak and in replacing all three of its storage tanks in July 1979, plaintiff has alleged in her bill of particulars that her water is still contaminated and that the last test performed on the well by DOT in 1981 showed unacceptable levels of gasoline in the well. Thus, an issue of fact has been presented as to this second cause of action against Stewart's which requires trial determination.

Plaintiff's cause of action for continuing trespass, as alleged in her third cause of action, should, however, be dismissed against Stewart's. Assuming the truth of plaintiff's allegation in this regard, plaintiff has failed to show any willful trespass by Stewart's on her property, and without the requisite intent, a cause of action for trespass has not been established *(see, Ivancic v Olmstead,* 66 NY2d 349, 352, *cert denied* 476 US 1117; *Phillips v Sun Oil Co.,* 307 NY 328; *Chartrand v State of New York,* 46 AD2d 942).

Amended order modified, on the law, with one bill of costs to defendants, by reversing so much thereof as denied defendant Clifford Banta's motion for summary judgment and denied defendant Stewart's Ice Cream's motion for summary judgment as to the third cause of action; Banta's motion is granted in its entirety and Stewart's motion is granted as to the third cause of action; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.