*157 OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff claims that defendant was negligent in causing her to trip and fall over an exposed wire installed by defendant on the floor at her place of work at third-party defendant’s bank. Defendant has impleaded third-party defendant, plaintiff’s employer. Defendant moves for summary judgment dismissing plaintiff’s complaint. Third-party defendant cross-moves for summary judgment dismissing the third-party complaint and all cross claims, or, in the alternative, for summary judgment against defendant.
Defendant and third-party defendant must prove that they are entitled to summary judgment as a matter of law, pursuant to CPLR 3212 (b), by evidence in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979]). They do not do so.
Only plaintiff submits an affidavit from a person with personal knowledge. All parties attempt to rely upon transcripts of depositions and attorney’s affirmations. No parties supply copies of the first, signature, or certification pages of the deposition transcripts. Plaintiff’s attorney merely states in his affirmation the content of parts of the transcripts of depositions. He does not submit copies of the transcript pages from which the questions and answers were supposedly taken. Defendant’s attorney objects that it seems to be unfair for plaintiff’s attorney to refer to the deposition of defendant’s witness where plaintiff has not returned the transcript of the deposition of defendant’s witness, although it had been requested. There are no statements by any counsel that compliance with CPLR 3116 (a) has occurred.
There are several alternative predicates to the use of a deposition transcript. CPLR 3116 (a) provides that the transcript must be submitted to the witness so that the witness can read it and make any changes to it that are desired. The witness then is to sign the transcript under oath. If that procedure is followed, then the transcript may be utilized. Furthermore, where the deposition witness is a party, and the transcript has been certified, pursuant to CPLR 3116 (b), by the officer before whom the deposition was taken, then the transcript may be usable as an admission (Newell Co. v Rice, 236 AD2d 843, 844 [4th Dept 1997]). In order to use a transcript that is not signed by the witness, if the witness is a nonparty, or, if a party and the transcript is not signed by the witness or certi *158 fied, it is the burden of the party wanting to use the deposition transcript to show that the transcript was sent to the witness to be reviewed for any corrections, and that sufficient time to do so has passed (see, Siegel, 1993 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:l, 1997-1998 Pocket Part, at 94). Those wanting to use a deposition transcript under these circumstances must show that the witness was given the opportunity that CPLR 3116 (a) provides to the witness to make sure that the transcript is correct in form and substance. Otherwise, the proponent of the transcript may be relying on an inaccurate transcript.
None of the alternatives above was followed by any of the parties here. Defendant’s attorney’s objection is correct that plaintiff’s attorney has improperly utilized witnesses’ transcripts before returning them for signature. Furthermore, it was not permissible for plaintiffs attorney to have quoted from the transcripts without attaching copies of them (Zuckerman v City of New York, 49 NY2d 557, 563, n 3 [1980]; see, Lamberta v Long Is. R. R., 51 AD2d 730 [2d Dept 1976]). Thus, the use of all of the transcripts was improper, and the movants have not sustained their burden of showing that they are entitled to summary judgment.
Even if the deposition transcripts had been properly used, the movants would still not be entitled to summary judgment. Third-party defendant’s former branch manager for the subject location stated in his affidavit, submitted by plaintiff, that, when he left the premises on the day before the accident, defendant’s phone installer was the last person in the area of the accident and that the installer was still working there. Third-party defendant’s former branch manager further stated, without objection, that he learned that plaintiff tripped the next morning over a new telephone line prior to her admitting other bank personnel into the bank. In addition, he said that, before the phone installer began his work, the phone lines were secure, so that there was no tripping hazard. Plaintiff said in her deposition transcript that the wires were not fastened and that she tripped over a very thin phone wire which she had never seen before. Defendant’s installer in his deposition transcript admitted that he did not staple the wire down and that it was just sitting there. Plaintiff may rely upon the inferences based on both direct and circumstantial evidence to show that defendant was responsible for her injuries. Thus, there are issues of fact that preclude the awarding of summary judgment against plaintiff.
*159 The third-party complaint seeks indemnification or contribution. Third-party defendant seeks dismissal of the third-party complaint. Defendant’s attorney contends that defendant was following the directions of third-party defendant, and one of defendant’s witnesses said in his deposition transcript that defendant’s installers would customarily check with third-party defendant’s branch manager before they left the work site in order to make sure that everything was completed. Third-party defendant asserts through its witness’ deposition transcript that defendant did the work without any supervision from third-party defendant. Thus, given the question of fact as to third-party defendant’s supervisory responsibility for the work, third-party defendant is not entitled to summary judgment dismissing the third-party complaint. As to dismissal of cross claims against third-party defendant, none were asserted, so there are none to dismiss.
The branches of .third-party defendant’s motion seeking summary judgment on the merits against defendant are based on contractual or common-law indemnification, and on the failure of defendant to comply with a contractual provision requiring defendant to purchase general liability insurance for the benefit of third-party defendant. Third-party defendant denominates only two cross claims against defendant: for contribution and common-law indemnity. Thus, third-party defendant cannot recover on its theories of contractual indemnification or breach of the contract clause to obtain insurance coverage because they were not asserted in the answer of third-party defendant.
The indemnification provision of the contract is material, however, in that it provides that defendant and third-party defendant shall be liable for the intentional acts, acts of omission, and/or negligence of their employees, representatives, and agents. Given the question of fact as to any supervisory responsibility of third-party defendant for the work at issue, summary judgment cannot be awarded to said party.
Thus, the motions must be denied. A trial must be held in this action.