■ HILLTOP NYACK CORP. et al., Appellants, v TRMI HOLDINGS, INC., et al., Defendants, and TYREE ORGANIZATION, LTD.,

et al., Respondents. [694 NYS2d 717] —In an action, *inter alia,* to recover damages for injuries to real property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated July 22, 1998, as granted the motion of the defendants Tyree Organization, Ltd., and Tyree Bros. Environmental Services, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) from an order and judgment (one paper) of the same court, entered July 31, 1998, which, *inter alia,* dismissed the complaint and all cross claims insofar as asserted against those defendants.

Ordered that the appeal from the order dated July 22, 1998, is dismissed; and it is further,

Ordered that the order and judgment entered July 31, 1998, is modified, on the law, by (1) deleting the provision thereof which granted those branches of the motion of the defendants Tyree Organization, Ltd., and Tyree Bros. Environmental Services, Inc., which were to dismiss the first, third, fourth, fifth, and sixth causes of action and the cross claims insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, and (2) deleting the provision thereof beginning with the words "3. Defendants Tyree" and ending with the words "execution therefore"; as so modified, the order and judgment entered July 31, 1998, is affirmed, and the order dated July 22, 1998, is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order dated July 22, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment entered July 31, 1998, in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order dated July 22, 1998, are brought up for review and have been considered on appeal from the order and judgment entered July 31, 1998 (*see,* CPLR 5501 [a] [1]).

The plaintiffs, the owners and operators of a restaurant in the Village of Nyack in Rockland County, commenced this action to recover damages for injuries to their property caused by a gasoline leak at an adjacent gasoline service station. The complaint named as defendants the former and present owners and operators of the gasoline service station and two environmental contractors who had removed the underground gasoline storage tanks and investigated the leak.

It is undisputed that the defendant Tyree Brothers Environmental Services, Inc. (hereinafter Tyree Brothers), removed

three 6,000-gallon underground storage tanks at the gasoline service station on July 16, 1992. It is also undisputed that the defendant Tyree Organization, Ltd. (hereinafter Tyree Ltd.) was hired to investigate the extent of the contamination and continued to monitor the site for six years. The plaintiffs allege, *inter alia,* that Tyree Brothers and Tyree Ltd. (hereinafter collectively referred to as the Tyree defendants) failed to meet their obligations, and that this resulted in the continuing flow of contaminated groundwater onto the plaintiffs' property. The Supreme Court improperly dismissed five causes of action insofar as they are asserted against the Tyree defendants.

Turning to the first cause of action, which alleged strict liability under Navigation Law § 181, we note that since the Tyree defendants failed to raise the issue of immunity under Navigation Law § 178-a in the Supreme Court, the issue cannot be raised for the first time on appeal (*see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Contrary to their contention, they may be found strictly liable for the discharge of petroleum, which is defined in Navigation Law § 172 (8) as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping * * * emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters" (*see, e.g., Barclays Bank v Tank Specialists,* 236 AD2d 570).

As for the second cause of action, which alleged that the Tyree defendants were strictly liable for conducting an ultra-hazardous activity, there was no evidence to support the claim that the removal of the underground storage tanks and subsequent investigation were ultra-hazardous activities for which common-law strict liability may be imposed (*see, Doundoulakis v Town of Hempstead,* 42 NY2d 440). Accordingly, the Supreme Court properly dismissed that cause of action.

The Supreme Court erred in dismissing the third cause of action alleging negligence because the plaintiffs raised triable issues of fact as to whether the Tyree defendants failed to prevent the continuing contamination (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Similarly, the fourth cause of action alleging trespass should be reinstated because there are factual issues as to whether the Tyree defendants had "good reason to know or expect" that the contaminants would pass from the gasoline service station to the plaintiffs' property (*see, Phillips v Sun Oil Co.,* 307 NY 328, 331). Likewise, the fifth cause of action alleging nuisance should be reinstated (*see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564; *Drouin v Ridge*

*Lbr.,* 209 AD2d 957; *Kulpa v Stewart's Ice Cream,* 144 AD2d 205). Inasmuch as the trespass and nuisance claims are reinstated, the sixth cause of action seeking a permanent injunction should also be reinstated. Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.