■ CITIBANK, N. A., Respondent, v DANIEL P. McGLONE, Appellant, et al., Defendants. [704 NYS2d 576] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered June 2, 1999, which granted plaintiff Citibank's motion to deem service upon the appellant on June 2, 1998 as good and valid,

which granted plaintiff's motion for summary judgment and which denied defendant-appellant's cross motion for summary judgment, unanimously reversed, on the law, without costs, plaintiff's motion to deem service good and valid denied, defendant-appellant's cross motion granted, and plaintiff's motion for summary judgment denied as moot. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In March 1991, plaintiff commenced its first action to foreclose a mortgage against appellant based upon a default in 1990. That action was dismissed in May 1995 following a traverse hearing since plaintiff could not locate its process server. A second foreclosure action was commenced in December 1995. A Special Referee was subsequently ordered to hear and report regarding whether appellant had been properly served. Before that issue was resolved, plaintiff commenced a third foreclosure action against appellant by filing a summons and complaint on April 10, 1998. Appellant was personally served with the third foreclosure summons and' complaint on June 2, 1998 in the corridor of the courthouse just before the traverse hearing on the second foreclosure action. The Referee determined that plaintiff failed to make out a prima facie case of service and the Referee's report was confirmed by the IAS Court which dismissed the second foreclosure action. Thereafter, plaintiff moved for an order deeming service on appellant on June 2, 1998 of the third action as good and valid service since the second foreclosure action was timely commenced, the second action was dismissed for a failure to effect proper service and the third action was based on the same transaction. Plaintiff's June 1998 personal service was an attempt to commence a new action pursuant to the savings provision of CPLR 306-b but a valid recommencement could only be done under that statute, by its own terms, following dismissal. Here, plaintiff attempted to effectuate personal service on a cause of action which was still the subject of a pending action; such service was necessarily null and void. Without the benefit of the tolling provision of CPLR 306-b, plaintiff's cause of action on a mortgage defaulted in 1990 was clearly time-barred by 1998 (CPLR 213 [4]). Appellant's motion to dismiss should have been granted, the complaint dismissed and plaintiff's motion for summary judgment denied as moot. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.