■ LINDA DAVIDSON et al., Respondents, v PUBLIC ADMINISTRATOR, on Behalf of the Estate of GEORGE R. RANIOLO, Appel-

lant. (Action No. 1.) LINDA DAVIDSON et al., Respondents, v GEORGE R. RANIOLO, Appellant. (Action No. 2.) [724 NYS2d 490] —In consolidated actions, *inter alia,* to recover damages for medical malpractice, the defendant in Action No. 1 appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 27, 2000, as denied those branches of his cross motion which were for a hearing on the issue of the service of process in Action No. 1 and to dismiss the cause of action in Action No. 1 alleging lack of informed consent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the cross motion which were for a hearing on the issue of the service of process in Action No. 1 and to dismiss the cause of action in Action No. 1 alleging lack of informed consent are granted, and, upon searching the record, that portion of the order which consolidated the two actions under the index number in Action No. 2 is vacated, Action No. 2 is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of the service of process in Action No. 1.

The plaintiffs commenced Action No. 1 in March 1996 against Dr. George R. Raniolo, now deceased, who asserted a defense based on lack of personal jurisdiction. The plaintiffs moved to dismiss that defense in August 1996. In September 1996, while that motion was pending, the plaintiffs filed Action No. 2 against Dr. Raniolo based on the same causes of action. A hearing on the issue of the service of process was ordered in Action No. 1 in December 1996, but was stayed for about two years due to Dr. Raniolo's death. After the Public Administrator (hereinafter the defendant) was substituted for Dr. Raniolo in Action No. 1, the Supreme Court consolidated the two actions under the index number in Action No. 2. The court denied as academic that branch of the defendant's cross motion which was to hold the hearing on the issue of the service of process previously ordered in Action No. 1.

The Supreme Court erred in consolidating the actions under the index number in Action No. 2 and in denying, as academic, the appellant's request for a hearing on the issue of the service of process in Action No. 1. Action No. 2 should have been dismissed, as the plaintiffs commenced that action based on the same causes of action while Action No. 1 was pending (*see, Citibank v McGlone,* 270 AD2d 124; *Alcide v Westchester County Med. Ctr.,* 234 AD2d 239). However, we note that since Action No. 1 was commenced under the former version of CPLR 306-b (b), in the event Action No. 1 is dismissed on the ground

of personal jurisdiction, the plaintiffs will have the option of recommencing that action within 120 days of the dismissal (*see, Bloomer v Altman,* 264 AD2d 795).

We agree with the appellant that the plaintiffs' allegations fail to make out the elements of a cause of action to recover damages based on lack of informed consent (*see,* Public Health Law § 2805-d).

The appellant's contentions regarding the Statute of Limitations are improperly raised for the first time on appeal, and thus we decline to consider them (*see, Northville Indus. Corp. v National Union Fire Ins. Co.,* 218 AD2d 19, 34, *affd* 89 NY2d 621). In any event, the contentions are premature. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.