■ TIMOTHY A. PLANTE, Individually and as Parent and Guardian of TAJ SAGE PLANTE, an Infant, Respondent, v ROBERT J. HINTON, Appellant. [742 NYS2d 159] —Cardona, P.J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 31, 2001 in Rensselaer County, which granted plaintiff's motion to set aside the verdict and ordered a new trial on the issue of damages.

The facts of this case are fully set forth in this Court's prior decision (271 AD2d 781). Briefly summarized, as pertinent to this appeal, on May 26, 1997, four-year-old Taj Sage Plante (hereinafter the infant) was a passenger in a mule-driven

---

buckboard wagon operated by Mary Allsop and Noel Allsop during the Memorial Day parade in the Village of Nassau, Rensselaer County. When defendant's skateboard maneuver startled the mule team, the mules jumped to one side, overturned the wagon and then bolted. The infant, trapped underneath, was dragged face down 50 to 60 feet across the asphalt road.

Plaintiff commenced this personal injury action against defendant and others. Only the claims against defendant and the Allsops proceeded to trial. The jury found defendant solely negligent and awarded plaintiff $10,000 for past pain and suffering on stipulated medical expenses of $15,498.78, however, it did not award anything for future pain and suffering. Supreme Court granted plaintiff's motion, pursuant to CPLR 4404 (a), to set aside the damages award as inadequate and ordered a new trial unless the parties stipulated to damages of $50,000 for past pain and suffering, $35,000 for future pain and suffering and $15,498.78 for medical expenses, resulting in this appeal.

Damages awarded by a jury may be set aside and a new trial ordered, "if it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Marshall v Lomedico*, 292 AD2d 669, 669-670; *Murry v Witherel*, 287 AD2d 926, 927; *Simeon v Urrey*, 278 AD2d 624, 624). The standard of appellate review in making such a determination is whether " ' "the [record] evidence so preponderate[s] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, 864, *affd* 62 NY2d 875; *see, Marshall v Lomedico, supra; Murry v Witherel, supra* at 927). Here, the uncontradicted medical evidence indicates that the infant sustained fractured ribs, a pulmonary contusion, bleeding into his pulmonary cavity, a collapsed lung and respiratory distress. He also sustained partial thickness abrasions on his face, chest and upper abdomen where the epidermis and a portion of the dermis were removed. Gravel, rocks and asphalt were ground into the remaining dermis. To treat these injuries, it was necessary to heavily sedate him, insert a chest tube to re-expand the lung, intubate him, place him on a mechanical ventilator and scrape all of the foreign bodies and tar out of the abrasions which affected 11% to 12% of his body surface. The infant was in the hospital for five days and his plastic surgeon opined that the injuries were extremely painful. There was also evidence that the infant suffered nightmares related to the accident.

Turning to damages for future pain and suffering, the infant has some permanent scarring resulting in the lightening of his skin in the affected areas. Additionally, for the rest of his life, he will have an increased chance of skin cancer and the abraded areas will sunburn more rapidly requiring him to avoid sun exposure by wearing protective clothing even when swimming. Exposure to the sun may also cause the areas to darken in blotchy patches. Furthermore, the abraded areas will enlarge as he grows maintaining roughly the same proportion, 11% to 12% of his body surface. We also note evidence that the infant remains fearful of roads.

According deference to the jury's interpretation of the evidence and based upon our review of the record (*see, Mahoney v NAMCO Cybertainment*, 282 AD2d 949, 951), we conclude that the award of $10,000 for past pain and suffering and no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets, supra* at 746) and, therefore, materially deviate from what would be deemed reasonable compensation (*see,* CPLR 5501 [c]; *Marshall v Lomedico, supra* at 669-670). Thus, Supreme Court did not err in granting plaintiff's motion to set aside the verdict and ordering a new trial on the issue of damages unless defendant stipulated to the increased awards.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.