Mugglin, J.
Appeal from that part of a judgment of the Supreme Court (Breen, J.), entered December 27, 2002 in Washington County, which partially denied plaintiffs’ motion to set aside the verdict or for a new trial.
Defendant Arcady Realty Corporation was formed by the Goldsmith family to hold title to its property in the Town of Dresden, Washington County. Defendant Smith E. Goldsmith is its managing director. As such, he verbally contracted with defendant Ray Martindale to cut timber on Arcady’s property in *754 portions of lot 155 in the Southbay tract and all of lot 18 in said tract. Plaintiffs own lot 17, which is bordered by lot 155 on the north and lot 18 on the east. Lots 17 and 18, in the vicinity of their common boundary, are steep, heavily wooded and marked by rock ledges or cliffs.
Sometime between 1996 and 1999, Martindale, while logging lot 18, encroached on approximately 31 acres of lot 17 and cut and removed over 800 trees. After indictment, he pleaded guilty to grand larceny in the third degree and prohibited disposal of solid waste. As a result of a bankrúptcy filing the day before trial, this civil action against him was severed. With respect to Arcady and Goldsmith, the jury found no violations of RPAPL 861, no negligence, no trespass and no unjust enrichment. Plaintiffs’ verbal posttrial motions to set aside the verdict as against the weight of the evidence and for judgment notwithstanding the verdict were denied. Plaintiffs’ subsequent written motion to set aside the verdict or for a new trial was also denied, except that the unjust enrichment verdict was set aside and plaintiffs were awarded judgment in the amount of $14,787 with interest from April 1, 1999.
Plaintiffs appeal and argue that these motions (as well as their motion at the close of proof for a directed verdict) should have been granted because the uncontroverted evidence established that Arcady and Goldsmith violated RPAPL 861, were negligent and committed a trespass as a matter of law. We disagree and affirm.
The evidence at trial was that Goldsmith and Martindale reached an agreement that Arcady was to receive one third of the profit from the sale of hardwood and $7 per cord for hemlock. Goldsmith took Martindale to the property and pointed out a utility pole on the common boundary between lots 17 and 18 and advised him that under no circumstances should he cut timber westerly of the line marked by the pole. It is undisputed that the common boundary line is approximately one-half mile long and that it was not otherwise surveyed or marked prior to Martindale’s logging operation. Plaintiffs’ argument at trial was that Martindale and Goldsmith’s relationship was a joint venture, i.e., that Martindale was not an independent contractor. Plaintiffs also theorized at trial and continue to argue on this appeal that rather than going to the utility pole, which plaintiffs’ subsequent survey confirms is on the property line, Goldsmith took Martindale to a different utility pole halfway into lot 17. Faced with these issues of fact, Supreme Court correctly denied plaintiffs’ motion for a directed verdict (see Palmier v United States Fid. & Guar. Co., 135 AD2d 1057 [1987]).
*755 When presented with the motion to set aside the verdict, Supreme Court was required to view the evidence in the light most favorable to the nonmovant (see Campbell v City of Elmira, 198 AD2d 736, 737 [1993], affd 84 NY2d 505 [1994]). Thus viewed, the court must “ ‘conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial’ ” (id. at 737, quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Lachanski v Craig, 141 AD2d 995, 996 [1988]; Sternberg v Foreign Cars of New Paltz, 140 AD2d 822, 823 [1988]; Kozlowski v City of Amsterdam, 111 AD2d 476, 477 [1985]). A trial court should grant a motion for a new trial when “ ‘the evidence so preponderate [d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence’ ” (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995], quoting Moffatt v Moffatt, 86 AD2d 864, 864 [1982], affd 62 NY2d 875 [1984]; see Plante v Hinton, 294 AD2d 679, 680 [2002]; Marshall v Lomedico, 292 AD2d 669, 670 [2002]; Zeigler v Wolfert’s Roost Country Club, 291 AD2d 609, 610 [2002]).
On this record, the jury could rationally conclude, after resolving credibility issues, that Martindale, as an independent contractor, intentionally trespassed on plaintiffs’ property. The jury could also rationally conclude that Goldsmith knew the location of the common boundary and neither negligently nor intentionally directed Martindale to enter plaintiffs’ premises. To be liable for a trespass, a defendant must intend the intrusion (see Kulpa v Stewart’s Ice Cream, 144 AD2d 205, 207 [1988]; Chartrand v State of New York, 46 AD2d 942, 943 [1974]). There is no evidence in this record that Goldsmith or Arcady intended to trespass on plaintiffs’ property. Further, when one retains an independent contractor, there is no liability for the negligent acts of the independent contractor, unless negligent instructions were given to the independent contractor (see Leger v Central Hudson Gas & Elec. Corp., 291 AD2d 603, 604 [2002]). Again, there is no evidence of negligent instruction in this record.*
With respect to liability under RPAPL 861, Arcady and *756 Goldsmith can be liable even if Martindale is an independent contractor, if “they directed the trespass or such trespass was necessary to complete the contract” (Axtell v Kurey, 222 AD2d 804, 805 [1995], lv denied 88 NY2d 802 [1996]). Again, this record contains no evidence that Goldsmith either directed the trespass or that the trespass was necessary to complete the contract. On the contrary, viewing the evidence in the light most favorable to Arcady and Goldsmith, Goldsmith correctly located the utility pole on the common boundary and directed Martindale to stay east of the line. Since lot 18 is bordered by the town road, it was not necessary to trespass to complete the contract and since Martindale pleaded guilty to grand larceny, he has admitted his intent to trespass and remove timber belonging to plaintiffs. Accordingly, Supreme Court correctly refused to set aside the verdict or order a new trial. Lastly, in view of our determination, we need not discuss the issue of damages.
Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.

 Plaintiffs’ reliance on Hollenbeck v Genung (198 AD2d 677 [1993]), that failure to obtain a survey is negligence as a matter of law, is misplaced. There, the defendant cut and removed 12 trees that both parties knew were at or near their common boundary. A subsequent survey revealed that nine trees were on the defendant’s property and three trees were on the boundary line creating a tenancy in common in these trees as between the parties. Our observation that the defendant’s failure to either survey the line or obtain the plaintiffs consent prior to cutting was negligence, not recklessness, was made *756 in determining the plaintiffs right to treble damages. We did not hold that failure to obtain a survey and mark a property line was negligence as a matter of law under all factual scenarios.