■ JAMES DeLEONARDIS, Respondent, v HERBERT BROWN et al., Appellants. [790 NYS2d 686]—

In an action, inter alia, to recover damages for breach of an oral contract, the defendants appeal (1) from a judgment of the Supreme Court, Nassau County (Jonas, J.), entered June 29, 2004, which, upon an order of the same court dated April 19, 2004, among other things, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $84,448.74 and (2), as limited by their brief, from so much of an order of the same court entered August 23, 2004, as denied that branch of their motion which was, in effect, for leave to renew the plaintiff's prior motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was, in effect, for leave to renew is granted, upon renewal, the plaintiff's motion for summary judgment is denied, and the order dated April 19, 2004, and the judgment are vacated; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In this action, the plaintiff, a dentist who was employed from 1995 through 2001 as an independent contractor at a dental office owned by the defendants, alleges that he and the defendants entered into an oral contract whereby the defendants agreed to pay him 50% of the amount billed by the office for the dental procedures performed by him. The Supreme Court granted the plaintiff's motion for summary judgment. Thereafter, the Supreme Court denied that branch of the defendants' motion which was, in effect, for leave to renew the plaintiff's prior motion for summary judgment. We reverse.

In granting the plaintiff's motion for summary judgment, the Supreme Court correctly observed that the defendants' submission of an affirmation instead of an affidavit by the defendant Van Madison Brown (hereinafter Van Madison) was improper because he was a party to the action (see CPLR 2106). However, in support of that branch of their motion which was, in effect, for leave to renew, the defendants corrected this inadvertent procedural error and submitted an affidavit of Van Madison. Thus, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was, in effect, for leave to renew (see *Wester v Sussman,* 304 AD2d 656 [2003]; *Lauer v Rapp,* 190 AD2d 778 [1993]).

Upon renewal, the plaintiff's motion for summary judgment should have been denied. The affidavit of Van Madison constituted sufficient proof by a person having knowledge of the facts to raise a triable issue of fact with respect to the terms of the oral agreement allegedly entered into by the parties (see CPLR 3212 [b]; *Harbor Seafood v Quality Fish Co.,* 194 AD2d 713 [1993]).

We decline to consider the defendants' contentions regarding the statute of limitations as they were raised for the first time on appeal (see *Davidson v Public Adm'r,* 283 AD2d 538, 540 [2001]). Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.