■ JAMES DIBUONO et al, Respondents, v ABBEY, LLC, et al., Defendants, and EDITH SHULMAN, Appellant. [891 NYS2d 656]—

The plaintiffs commenced this action to recover damages for injuries to their land which allegedly were caused by the leaking of petroleum from gasoline storage tanks located at three nearby

service stations. One of those service stations allegedly was owned and operated by the appellant.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Applying these principles, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her. Contrary to the appellant's contentions, the complaint, which alleged, inter alia, that the appellant was a "discharger" of petroleum, sufficiently pleaded causes of action against the appellant to recover damages pursuant to Navigation Law § 181 (*see General Cas. Ins. Co. v Kerr Heating Prods.*, 48 AD3d 512, 514 [2008]; *145 Kisco Ave. Corp. v Dufner Enters.*, 198 AD2d 482, 482-483 [1993]) and ECL 37-0107 (*see Berens v Cook*, 263 AD2d 521, 521-522 [1999]), and for negligence (*cf. Ravo v Rogatnick*, 70 NY2d 305, 309-310 [1987]; *Slater v Mersereau*, 64 NY 138, 146-147 [1876]; *Hawkes v Goll*, 256 App Div 940 [1939], *affd* 281 NY 808 [1939]), trespass (*see Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]; *cf. Dellaportas v County of Putnam*, 240 AD2d 358, 359 [1997]) and nuisance (*see Hilltop Nyack Corp. v TRMI Holdings*, 264 AD2d 503, 505-506 [1999]; *cf. Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]; *Drouin v Ridge Lbr.*, 209 AD2d 957, 959 [1994]; *Kulpa v Stewart's Ice Cream*, 144 AD2d 205, 207 [1988]).

The appellant's contention regarding the statute of limitations is not properly before this Court (*see DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]). Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.