OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and defendant’s motion to dismiss the action is denied.
Plaintiff brought this small claims action to recover the expenses, including attorney’s fees, he had allegedly incurred in the defense of two criminal proceedings. The gravamen of his cause of action, based on malicious prosecution, was that defendant had been the complaining witness in those proceedings, which had concluded in plaintiff’s favor. The District Court granted defendant’s motion to dismiss the action for failure to state a cause of action upon a finding that, absent an agreement between the parties, a statute or a court rule, there is no authority to award legal fees, and upon a further finding that, under Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, trial judges in the Small Claims Part of the court are not given the discretionary power to award costs to any party.
On appeal, plaintiff asserts that the District Court erred in considering defendant’s motion to dismiss because that motion had previously been definitively resolved by a prior order of the same court. However, the record is ambiguous, at best, as to whether defendant’s first motion to dismiss was decided with prejudice.
*3 Upon a review of the record, we conclude that there was no valid basis for granting defendant’s motion to dismiss. The small claims complaint form in this action alleges that plaintiff incurred expenses “due to false and wrongful prosecution.” A cause of action based on malicious prosecution may be stated against a complaining witness where a criminal proceeding was commenced on the strength of the complaining witness’s complaints, terminated in favor of the accused, lacked probable cause, and was initiated on the basis of actual malice (e.g. Nieminski v Cortese-Green, 74 AD3d 1550, 1551 [2010]; Mohen v Stepanov, 59 AD3d 502, 503 [2009]). Where the tort of malicious prosecution is established, the plaintiff’s legal fees incurred in the defense of the criminal action may be claimed as damages in the civil action for malicious prosecution (see Dubrovsky v Zaicher, 26 Misc 3d 127[A], 2009 NY Slip Op 52606[U] [App Term, 2d, 11th & 13th Jud Dists 2009]).
As the small claims complaint form, liberally construed, stated a cause of action for malicious prosecution which, if proved, would entitle plaintiff to recover his reasonable attorney’s fees for his defense of the underlying actions, we conclude that the District Court erred in granting defendant’s motion to dismiss the action. We decline to consider defendant’s contention regarding the statute of limitations, as it is raised for the first time on appeal (see e.g. DeLeonardis v Brown, 15 AD3d 525 [2005]; Davidson v Public Adm’r, 283 AD2d 538 [2001]).
Accordingly, the order granting defendant’s motion to dismiss the action is reversed and the motion denied.
Tanenbaum, J.E, Molía and Iannacci, JJ., concur.