■ KHALID CHOUDHARY et al., Respondents, v FIRST OPTION TITLE AGENCY, Doing Business as GOLDEN TITLE AGENCY, et al., Defendants, and CHICAGO TITLE INSURANCE COMPANY, Appellant. [967 NYS2d 86]—

In an action, inter alia, to recover damages for the negligent failure to timely record a deed, the defendant Chicago Title Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered April 25, 2012, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action, alleging that, on July 11, 2005, they purchased certain real property in Philadelphia, Pennsylvania, and in connection therewith, purchased title insurance for the subject property from the defendant Chicago Title Insurance Company (hereinafter Chicago Title). The complaint further alleged that Chicago Title failed to record the deed until January 18, 2006, and that another deed to the property had been recorded on November 22, 2005. In the first cause of action, the plaintiffs alleged that Chicago Title's failure to timely record the deed constituted negligence and a breach of contract.

The Supreme Court properly denied that branch of Chicago Title's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action insofar as asserted against it.

A motion to dismiss a cause of action pursuant to CPLR 3211 (a) (1) may be granted if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [citations and internal quotations marks omitted]). On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), a court must "accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* [internal quotation marks omitted]).

Here, the insurance policy submitted by Chicago Title provided that it covered certain risks "if they affect [the plaintiffs'] title on the Policy Date," including the risk that someone else owned an interest in the title to the subject property; the risk that a document was not properly signed, sealed, acknowledged, or delivered; the risk of forgery, fraud, duress, incompetency, incapacity, or impersonation; and the risk of defective recording of any document. The insurance policy listed the "Date of Policy" as January 18, 2006, which was after the other deed to the property was recorded on November 22, 2005. Accordingly, the documentary evidence did not conclusively refute the plaintiffs' breach of contract cause of action. Furthermore, according the plaintiffs the benefit of every possible favorable inference, the complaint sufficiently stated a cause of action to recover damages for the negligent failure to timely record the July 11, 2005, deed that was independent of

the parties' contract for insurance (*see Surace v Commonwealth Land Tit. Ins. Co.*, 62 AD3d 861, 862 [2009]; *Gem Servs. of N.Y., Inc. v United Gen. Tit. Ins. Co.*, 28 AD3d 516 [2006]; *Cruz v Commonwealth Land Tit. Ins. Co.*, 157 AD2d 333, 336 [1990]).

Chicago Title's contentions regarding the statute of limitations are improperly raised for the first time on appeal (*see DiBuono v Abbey, LLC*, 69 AD3d 670, 671 [2010]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *Davidson v Public Adm'r*, 283 AD2d 538, 540 [2001]). Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.