Nancy Huebner, Appellant, 
against
Cheryl Fitzsimmons, Respondent.



Appeal from a judgment of the District Court of Suffolk County, Sixth District (Linda J. Kevins, J.), entered April 24, 2015. The judgment, upon the court's sua sponte determination, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a trial.
In this small claims action, plaintiff stated on the small claims complaint form that, on July 15, 2013, she had been served with an order of protection which falsely accused her of harassment and possession of a weapon, and that, as a result, she sought to recover the $2,090 that she had incurred in legal fees. Both parties appeared for trial. Before any testimony was given, or any documents or stipulated facts submitted (see CPLR 3222), the District Court, after reading the small claims complaint form, dismissed the action upon a finding that plaintiff had failed to state a cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). In the small claims context, the rules of pleading and procedure are relaxed (see UDCA 1803 [a]; 1804). Affording plaintiff the benefit of every possible inference (see CPLR 3026; see also Leon v Martinez, 84 NY2d 83, 87-88 [1994]), it appears that plaintiff may have intended to state a cause of action for either malicious prosecution or abuse of process, for which causes of action legal expenses may be claimed as damages (see Parkin v Cornell Univ., 78 NY2d 523, 529 [1991]; Cooper v Lathillerie, 33 Misc 3d 1, 3 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
In view of the foregoing, we are unable to ascertain the basis for the District Court's determination that plaintiff had failed to state a cause of action. Since there was neither testimony nor submission of stipulated facts (see CPLR 3222) to support that conclusion, the judgment failed to render substantial justice and cannot stand (see Beath v Greyrock Park Prop. Owners' Assn., Inc., 49 Misc 3d 150[A], 2015 NY Slip Op 51749[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
We note that we do not consider any materials that are dehors the record.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a trial.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: January 06, 2017