Jamharian v City of Long Beach (2024 NY Slip Op 51195(U))

[*1]

Jamharian v City of Long Beach

2024 NY Slip Op 51195(U)

Decided on August 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-231 N C

Tigran Jamharian, Appellant,
against
City of Long Beach and Long Beach Police Department, Respondents, and Office of the Nassau County Attorney, Defendant. 

Tigran Jamharian, appellant pro se.
Corporation Counsel of the City of Long Beach (Steven Pambianchi of counsel), for respondents.

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Second District (Joseph Nocella, Jr., J.), entered November 9, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $994.52, plus interest thereon from June 22, 2023.

ORDERED that the judgment is modified by increasing the principal sum awarded to $1,017.59 and by providing that interest is to be computed from June 26, 2022; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the District Court to calculate the interest in accordance with this decision and order, and for the entry of an appropriate amended judgment thereafter.
Plaintiff commenced this small claims action against defendants City of Long Beach, Long Beach Police Department, and Office of the Nassau County Attorney to recover the principal sum of $5,000, representing damages sustained as a result of plaintiff's receipt of a double parking summons on June 26, 2022, including costs to retrieve his vehicle after it was [*2]towed and his legal expenses incurred in defending the prosecution and his subsequent successful appeal of his conviction (see People v Jamharian, 78 Misc 3d 135[A], 2023 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Prior to trial, plaintiff discontinued the action against defendant Office of the Nassau County Attorney. 
At a nonjury trial, plaintiff, appearing pro se, presented evidence of his damages incurred on June 26, 2022, when his vehicle was towed, and on June 27, 2022, when he retrieved it, as well as invoices and an attorney's affirmation substantiating his legal expenses. Following the nonjury trial, a judgment was entered in the District Court (Joseph Nocella, Jr., J.) on November 9, 2023 awarding plaintiff the principal sum of $994.52, plus interest thereon from June 22, 2023. Plaintiff appeals, on the ground of inadequacy, arguing that the District Court should have awarded him the principal sum of $5,000, plus interest thereon from June 26, 2022.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Contrary to plaintiff's contention, the District Court properly declined to award plaintiff his legal expenses, as plaintiff did not argue at trial that he was entitled to be reimbursed for his attorney's fees pursuant to a statute, court rule, or an agreement (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]; Dupuis v 424 E. 77th Owners Corp., 32 AD3d 720, 722 [2006]), and he did not establish a cause of action for malicious prosecution (see Colon v City of New York, 60 NY2d 78, 82 [1983]; cf. Cooper v Lathillerie, 33 Misc 3d 1, 3 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Plaintiff's argument, raised for the first time in his reply brief, that he is entitled to be reimbursed for his attorney's fees pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 and CPLR 7108 (a), is unpreserved for appellate review and, in any event, lacks merit.
However, plaintiff did demonstrate that he was entitled to recover $1,017.59 for the expenses he incurred traveling home after his car was towed and when he retrieved it, including babysitting fees and lost wages. Thus, the principal sum awarded must be increased from $994.52 to $1,017.59. Additionally, plaintiff correctly argues, and substantial justice (see UDCA 1804, 1807) requires, that prejudgment interest be awarded from June 26, 2022, as this is the "earliest ascertainable date" plaintiff's cause of action for deprivation of property existed (CPLR 5001 [b]). 
Accordingly, the judgment is modified by increasing the principal sum awarded to $1,017.59 and by providing that interest is to be computed from June 26, 2022, and the matter is remitted to the District Court to calculate the interest in accordance with this decision and order, and for the entry of an appropriate amended judgment thereafter.
DRISCOLL, J.P., McCORMACK and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2024