William **BIEDERMAN, Louis Ackerman, and Gordon Stowers, Little Cedar Lake Sanitary District Commissioners; Joseph Gillian, Barbara Gillian, Paul Brna, Mirian Brna, John Klinka, and other adjacent Property Owners at Little Cedar Lake, Washington County, Wisconsin, Plaintiffs,**

v.

Roland **SCHARBARTH, James Clark, Jeffrey Burg; Washington County, Fred H. Schlupp and Herbert Wolf, Defendants.**

Civ. A. No. 79–C–346.

United States District Court, E. D. Wisconsin.

Feb. 12, 1980.

Charles P. Reiter, Milwaukee, Wis., for plaintiffs.

Dennis M. Grzezinski, Milwaukee, Wis., for defendant Scharbarth.

Patrick J. Faragher, Corp. Counsel, West Bend, Wis., for defendants Washington County, Schlupp and Wolf.

No counsel for defendants Clark and Burg.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for injunctive relief and money damages brought pursuant to the Water Pollution Control Act, 33 U.S.C. § 1251 et seq., 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

Plaintiffs are persons owning property adjacent to Little Cedar Lake in Washington County, Wisconsin, and three commissioners of the Little Cedar Lake Sanitary District. Defendant Roland Scharbarth is the owner of a house and lot located on Little Cedar Lake. The house is currently leased to defendants Jeffrey Burg and James Clark. Defendants Fred Schlupp and Herbert Wolf are employees of the Land Use and Parks Department of defendant Washington County.

Plaintiffs have alleged that the septic tank located on the Scharbarth property is inoperative, and that consequently raw sewage is emitted from the house into Little Cedar Lake. Plaintiffs further allege that Washington County and its employees Schlupp and Wolf have failed to take effective steps to curb this nuisance. As a result of these actions, plaintiffs claim that Little Cedar Lake has become contaminated with human wastes and that the value of the properties surrounding the lake has diminished. Currently before the court are defendants' motions to dismiss the action for lack of subject matter jurisdiction.

Plaintiffs seek to characterize this action as a "citizen suit" brought to enforce the provisions of the federal Water Pollution Control Act. Such suits are authorized by 33 U.S.C. § 1365 which provides that any citizen may institute a suit on his own behalf against any person or government instrumentality which is alleged to be in violation of the effluent standards or limitations set out in the act.

Plaintiffs have not alleged that the discharge into Little Cedar Lake violates federal effluent standards, thereby raising questions as to the sufficiency of the complaint. A more basic flaw, however, is plaintiffs' failure to allege that the notice conditions of the act have been satisfied. 33 U.S.C. § 1365(b) provides that no citizen suit may be commenced under the act prior to sixty days after the plaintiff has given notice of the alleged violation to (1) the administrator of the Environmental Protection Agency; (2) the State in which the violation has occurred; and (3) the violator himself. The notice requirement is jurisdictional in nature, and a citizen suit under the act may not be maintained unless there has been compliance with it. *Loveladies Property Owners Association, Inc. v. Raab,* 430 F.Supp. 276 (D.N.J.1975), aff'd 547 F.2d 1162 (3d Cir. 1976). While there have been indications that in some situations "constructive notice" founded on actual knowledge may suffice, *Save Our Sound Fisheries Association v. Callaway,* 429 F.Supp. 1136 (D.R.I.1977), no such notice has been alleged by plaintiffs, nor is it likely that such notice did exist. Accordingly, the Court does not have jurisdiction to consider a claim based on the Water Pollution Control Act.

Plaintiffs also seek to ground their action on 42 U.S.C. § 1983 and the Fourteenth Amendment. In order to maintain a cause of action under the Fourteenth Amendment or § 1983, plaintiffs must show that the alleged constitutional deprivation was under color of state law. *Lucas v. Wisconsin Electric Power Co.,* 466 F.2d 638 (7th Cir. 1972). Plaintiffs argue that this requirement is satisfied by the allegation that Washington County has failed to take effective steps to abate the pollution of Little Cedar Lake. This, however, does not constitute the "affirmative support" which is necessary in order to confirm jurisdiction upon this court. *Lucas,* supra, at 656. The case is similar to *Sun Enterprises, Ltd. v. Train,* 394 F.Supp. 211 (S.D.N.Y.1975), where plaintiffs sought to hold the Town of Somers, New York, liable for failing to effectively limit the discharge into a wetlands area. The Court held that plaintiffs had not stated a constitutional claim sufficient to vest the court with jurisdiction:

"* * * the damage allegedly being wrought upon the plaintiffs stems from the activities of the private defendants. Such injuries to plaintiffs are not authorized by the permits issued by the town defendants; and although the private defendants may in a sense be encouraged in their alleged transgressions by lackluster enforcement of the law by the town defendants, the actions of the town defendants as alleged in the complaint are not such as would raise a substantial question of deprivation or confiscation of property under the Fifth and Fourteenth Amendments. * * *" *Id.,* at 222.

IT IS THEREFORE ORDERED that the above-entitled action is dismissed as to all defendants.