■ E. B. Metal & Rubber Industries, Inc., Appellant, v County of Washington et al., Defendants, and Town of Whitehall, Respondent. (Action No. 1.) Rochester Germicide Company, Appellant, v County of Washington et al., Defendants, and Town of Whitehall, Respondent. (Action No. 2.)— Mahoney, P. J. Appeals from a judgment of the Supreme Court in favor of defendant Town of Whitehall, entered March 19, 1986 in Washington County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury.

On March 14, 1977, an earthen dike along the Champlain Barge Canal was breached causing water to flood the premises of E. B. Metal & Rubber Industries, Inc., and causing extensive damage. Personal property of Rochester Germicide Company, located on E. B. Metal's land, was also damaged. The property of E. B. Metal is located in the Town of Whitehall, Washington County, and is situated on an island bounded on the west by the canal and on the other sides by Wood Creek. The dike was constructed between 1935 and 1937 as a Federal Works Progress Administration (WPA) project. The purpose of the project was to provide depression-era employment and provide for flood protection, primarily to Champlain Spinners, a silk mill which was E. B. Metal's predecessor in interest. The Town of Whitehall was the sponsor of the project and, pursuant to a proposal to the WPA, the town agreed to perform the required maintenance on the dike. It is clear from the evidence, though, that the town never performed any maintenance on the dike. Employees of Champlain Spinners and, later, E. B. Metal did perform some maintenance on the dike. There have been no changes made to the dike since its original construction.

E. B. Metal and Rochester Germicide commenced separate actions against the town alleging negligence in constructing and failing to maintain the dike. Other parties were named as defendants, but this appeal is limited to the town's liability. The actions were tried jointly before the court without a jury. Trial Term found that the town was not negligent in constructing the dike. It also found that, while the town may have been negligent in failing to maintain the dike, such

failure was not the proximate cause of the breach of the dike. E. B. Metal and Rochester Germicide (hereinafter jointly referred to as plaintiffs) appeal.

Initially, we note that since the trial was not before a jury, this court's scope of review is broad. This court may weigh conflicting evidence and inferences and grant the judgment which should have been granted by the trial court (see, *Mesick v State of New York,* 118 AD2d 214, 219, *lv denied* 68 NY2d 611). Here, plaintiffs proceed on two theories: first, that the town was negligent in the construction of the dike and, second, that it was negligent in failing to maintain the dike. Dealing with the construction issue, it is significant that the dike was built in the 1930s and that engineering standards and technology at the time were not what they are today. Both sides presented expert testimony regarding the dike's construction. All such witnesses agreed, in general, that the dike was properly constructed as an earthen dike. There was some disagreement over the composition of materials used to construct the dike and whether they were sufficiently impermeable. Also, there was disagreement over whether a pipe was installed in a manner to reduce the danger of "piping", a phenomenon whereby erosion occurs along an interface of different soil strata or an object such as a large rock or pipe. In view of all of the evidence, we agree with Trial Term that plaintiffs failed to prove by a preponderance of evidence that the dike was negligently constructed.

On the other hand, it is clear that the town was negligent in failing to properly maintain the dike. By the terms of the proposal to the WPA, the town expressly agreed to maintain the dike. Experts for both sides testified that proper maintenance of an earthen dike included mowing the grass on it, removing trees and large plants, preventing burrowing by animals and periodically inspecting the dike. Further, it is conceded that the town never took any of these steps. Thus, negligence on the part of the town is obvious. More difficult is the issue of whether such negligence proximately caused the accident. At trial, plaintiffs proceeded on the theory that the piping phenomenon occurred along a pipe running perpendicularly under the dike and caused a cavern to develop within the dike. Such cavern grew and weakened the dike to the point that it broke. However, the town's experts testified that the piping phenomenon would not have produced such dramatic results in this type of dike. Further, the town offered testimony that, even if piping had occurred, it would not have been readily detectable during the visual inspections that

plaintiffs' expert testified were required for an earthen dike. Finally, the town offered proof that the accident occurred during a particularly heavy spring thaw which raised the water level in the canal almost to the top, and perhaps over the top, of the dike.

Plaintiffs' proof required the trier of fact to speculate that, among all possible causes of the failure of the dike, the piping phenomenon was responsible and, further, that proper inspection would have revealed the effect of the piping such that preventative measures could have been taken. Upon a review of all of the evidence in the record, particularly the town's expert proof inconsistent with plaintiffs' theories, we agree with Trial Term that plaintiffs failed to prove by a preponderance of evidence that the town's negligent failure to maintain the dike was the proximate cause of the accident.

We have considered the remaining issues advanced by plaintiffs and find them without merit.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.