■ TOWN OF WILSON, Respondent, v TOWN OF NEWFANE, Appellant.—Order unanimously affirmed without costs. Memorandum: In this dispute over closure of a landfill, the court did not err in denying defendant's motion for summary judgment. There are factual questions whether defendant, by virtue of its August, 1980 agreement with plaintiff, may be held liable for costs incurred by plaintiff in closing the landfill. Whether the term "maintenance", as used in the agreement, encompasses closure presents an ambiguity to be resolved by the trier of fact. Generally, courts are responsible for interpreting written instruments *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). "If there is ambiguity in the terminology used, however, and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice

among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury" *(Hartford Acc. & Indem. Co. v Wesolowski, supra,* at 172).

Moreover, whether defendant terminated its contract with plaintiff without cause *(see, Abcon Assocs. v Apollo Theatre Investor Group,* 159 AD2d 231), and whether plaintiff waived any breach of that agreement *(see, Bronx-Lebanon Hosp. Center v Mount Eden Center,* 161 AD2d 480) are questions of fact to be determined at trial.

To the extent that plaintiff's second cause of action purports to state a claim for contribution and/or indemnification predicated upon defendant's violation of certain regulatory provisions, such claim cannot be maintained. Because the Environmental Conservation Law specifically authorizes the Attorney-General to enforce "any rule or regulation promulgated pursuant" to ECL article 27 (ECL 71-2727 [2]), we conclude that the statute does not confer a private cause of action. Furthermore, because there is insufficient proof to show that plaintiff was under a legal obligation to pay for closure of the landfill, plaintiff may not assert a common-law right to contribution *(see, Yawger v American Sur. Co.,* 212 NY 292, 299). Thus, the contract between the parties provides the only basis upon which plaintiff may seek to recover its closure expenses from defendant. (Appeal from order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.