■ LAKE CLAIRE HOMEOWNERS ASSOCIATION, INC., et al., Respondents, v ARMAND ROSENBERG et al., Appellants. [626 NYS2d 540] —In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties regarding the maintenance of a lake and a dam owned by the defendants, the defendants appeal from (1) an order of the Supreme Court, Orange County (Barone, J.), dated March 30, 1992, which denied their motion, *inter alia,* to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) an order of the same court, dated December 23, 1992, which denied their motion to disqualify the plaintiffs' attorney and for a change of venue.

Ordered that the order dated March 30, 1992, is modified by

deleting the provision thereof which denied the branch of the defendants' motion which was to dismiss the complaint, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendants are not liable for the costs of repairing and maintaining the dam in question for purposes of enhancing and preserving the plaintiffs' littoral rights in Lake Claire; and it is further,

Ordered that the appeal from the order dated December 23, 1992, is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

For purposes of this appeal, the plaintiffs' allegations are accepted as true.

The plaintiffs are the owners of residential lots which border Lake Claire, a small lake owned by the defendants. A dam at the outlet of this lake is also owned by the defendants. The plaintiffs' lots are part of a subdivision created in the late 1940's by the corporate defendants' predecessor-in-interest, Lake Claire, Inc. Pursuant to the property deeds for the residential lots, the plaintiffs had the right to use the lake and its beach. Due to the defendants' failure to maintain the dam, the dam was breached pursuant to an order of the Department of Environmental Conservation dated March 15, 1990. As a result, the lake was drastically reduced in size and depth. Despite requests by the plaintiffs that the defendants repair the dam to restore the lake to its prior dimensions, the defendants failed to do so. The plaintiffs then commenced this action seeking a declaration that the defendants are liable for the maintenance and repair of the dam for the plaintiffs' benefit. Although the plaintiffs allege that the defendants refused to bear the expense of repairing and maintaining the dam themselves, they do not allege that the defendants refused to permit the dam to be repaired at the plaintiffs' expense.

While the plaintiffs clearly have established their littoral rights with respect to Lake Claire, the complaint fails to set forth any viable cause of action upon which to predicate a duty on behalf of the defendants to repair or maintain the dam for the plaintiffs' benefit. Since there is no allegation that the defendants disputed the plaintiffs' right to have Lake Claire maintained at a level suitable for their recreational and aesthetic needs, the case law relied upon by the plaintiffs to establish that right is simply inapposite. Unlike the situa-

tion presented in *E. B. Metal & Rubber Indus. v County of Washington* (128 AD2d 982), the plaintiffs in the case at bar point to no express agreement which obligates the defendants to maintain the dam.

The plaintiffs' attempt to make out a cause of action based upon nuisance also must fail. A landowner's refusal to maintain a dam for the recreational benefit which would accrue to upstream landowners does not constitute an unreasonable use of land *(see generally,* 81 NY Jur 2d, Nuisance § 1; *cf., Leonard v Spencer,* 108 NY 338).

The plaintiffs' reliance upon ECL 15-0701 is misplaced. Neither the purpose behind that statute nor the case law applying it supports an interpretation of the term "alteration" which would encompass the defendants' failure to maintain and repair the dam in question. We also note that the action which precipitated the drop in the level of Lake Claire was undertaken pursuant to the authority of the Department of Environmental Conservation *(see,* ECL 15-0511). Balletta, J. P., Thompson, Joy and Florio, JJ., concur.