■ PACKARD ESTATES HOMEOWNERS' ASSOCIATION, INC., Respondent, v JAMES V. PAIGE, JR. DEVELOPMENT CORP., Appellant. [645 NYS2d 242] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied that part of defendant's motion for summary judgment seeking dismissal of the cause of action of plaintiff homeowners' association for unpaid assessments on future units. Plaintiff's declaration and bylaws are ambiguous with respect to the point at which the future units become subject to assessment and the extent to which the land itself is subject to assessment, and thus those issues must be resolved by the trier of fact (*see, Town of Wilson v Town of Newfane,* 181 AD2d 1045). We reject defendant's contention that future units cannot be subject to assessment until a condominium declaration is filed pursuant to Real Property Law article 9-B. The term "Future Unit" is defined in plaintiff's declaration without reference to the Real Property Law, and there is no provision in the Real Property Law that would prevent the parties from agreeing that future units are subject to assessment before the filing of a condominium declaration pursuant to Real Property Law article 9-B. Moreover, defendant cites no authority to support its contention that plaintiff's alleged failure to provide a statement of unpaid common charges pursuant to Real Property Law § 339-z to the owner of two of the units estops plaintiff from seeking unpaid assessments from defendant.

The court also properly denied that part of defendant's motion for summary judgment seeking dismissal of the causes of action with respect to the proposed recreational unit, gazebo and boat slips. Whether those items have been completed in accordance with the intent of the parties cannot be determined as a matter of law on this record. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.