■ ROBERT E. BIRD, Appellant, v TRUST COMPANY OF NEW JERSEY et al., Respondents. [651 NYS2d 246] —Mikoll, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered May 22, 1995 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

In 1930 plaintiff's predecessor in title, The Wolf Lake Club (hereinafter the Club), entered into an agreement with defendants' predecessor in title, John Redding, by which Redding paid the Club the sum of $300 for the right to flood parts of the land owned by the Club. This agreement dated September 3, 1930 was recorded in the real property records of the Sullivan County Clerk's office on September 11, 1930 and specifically prohibited the Club from boating, fishing, bathing or having any other rights upon the waters of the lake (Tusten Lake) over the lands of Redding. Plaintiff purchased the parcels of land near the lake and subject to the 1930 agreement permitting Redding to flood the land for the $300 payment to the Club in 1983, 1984 and 1990.

In early 1992 the dam on defendants' property was inspected by the State Department of Environmental Conservation (hereinafter DEC) and found to be in a poor, defective and dangerous condition. DEC determined that the dam was in an unsafe condition and advised that the dam had to be removed, repaired or reconstructed in order to save life and property.

Defendants also investigated and determined to breach the dam, and were given a permit to do so by the DEC. The dam was breached November 9 through 12, 1992 abating the nuisance and causing the water level of Tusten Lake to become substantially lower.

In November 1993, plaintiff commenced the instant action against defendants seeking damages for injury to his three parcels of property bordering the lake due to the lowered water lake level. Defendants' answer denied liability and asserted several affirmative defenses including release by a general release executed by plaintiff, contributory negligence, assumption of the risk and that they were compelled to breach the dam by DEC order.

Following discovery defendants moved for summary judgment dismissing the complaint, claiming that defendants were not liable for any damage to property or for any interference with private rights because their actions were taken to abate a nuisance and, further, that they had no duty to maintain the dam for the benefit of plaintiff. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, finding that "[s]ince the dam * * * was created by Defendant's predecessors by virtue of an easement acquired over the property occupied by such dam, such Defendant also had the right to abandon the dam at any time thereafter". The court also ruled that use of the easement in and of itself did not create a right in the subservient land owner or adjacent landowners to have the dam continue indefinitely. This appeal by plaintiff ensued.

There should be an affirmance. Plaintiff's prime contention that Supreme Court erred in failing to fully explore whether defendants had a duty to maintain the water in Tusten Lake for the benefit of plaintiff based on the possible existence of a reciprocal prescriptive easement fails. As defendants correctly argue, the rule of prescriptive reciprocal easements is not applicable in this case. First, plaintiff did not claim before Supreme Court that it has a reciprocal prescriptive easement and it may not raise such claim for the first time on appeal (see, Matter of Long Is. Jewish-Hillside Med. Ctr. v McBarnette, 216 AD2d 731, 733). Second, defendants rely on two cases to support their argument and in both cases the issue was one of prescription and the intervention of equity (see, Lakeside Paper Co. v State of New York, 15 App Div 169; Hammond v Antwerp Light & Power Co., 132 Misc 786). Here, there is no issue of equity present as plaintiff's predecessor in title was paid by defendants' predecessor in title for the right to flood the land (see, e.g., Belknap v Trimble, 3 Paige Ch 577).

Rather, the instant case is governed by *Lake Claire Home-owners Assn. v Rosenberg* (215 AD2d 446, *lv dismissed* 86 NY2d 838). In that case, it was held that the complaint failed to set forth any viable cause of action upon which to predicate a duty on behalf of the defendants to repair or maintain the dam for the plaintiffs' benefit even though the plaintiffs had established their littoral rights with respect to Lake Claire (*see, supra*, at 447). Further, as defendants abated a nuisance, they are not liable for any damage to private property or the interference with private rights (*see, supra*, at 447; *People ex rel. Copcutt v Board of Health*, 140 NY 1, 10).

We have considered plaintiff's other arguments for reversal and find them to be without merit.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.