■ FLORENCE BERENS et al., Respondents, v TIM COOK et al., Appellants. (And a Third-Party Action.) [694 NYS2d 684] —In an action, *inter alia*, to recover damages for injury to property, the defendants, Tim Cook and Tim Cook, Inc., appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered May 4, 1998, which denied their motion for, among other relief, summary judgment dismissing the complaint or, in the alternative, compelling the plaintiffs to comply with their demands for disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first cause of action alleging violation of the Federal Water Pollution Control Act (33 USC § 1251 et seq.) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The complaint alleges various causes of action based upon the defendants' alleged discharge of petroleum onto the plaintiffs' property. The defendants moved, *inter alia*, for summary judgment dismissing the complaint.

The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging violation of the Federal Water Pollution Control Act (33 USC § 1251 *et seq.*), which regulates the discharge of pollutants into the nation's navigable waters (*see,* 33 USC § 1251 [a] [1]). The wetlands into which the petroleum was allegedly discharged are not adjacent to navigable waters, nor do they otherwise fall within the definition of navigable waters promulgated in regulations issued by the United States Army Corps of Engineers (*see,* 33 CFR 328.3; *United States v Riverside Bayview Homes,* 474 US 121). Furthermore, the first cause of action is jurisdictionally defective in that it fails to state that the plaintiffs gave notice to the Administrator of the United States Environmental Protection Agency 60 days prior to the commencement of this action, as required by 33 USC § 1365 (b) (*see, Biederman v Scharbarth,* 483 F Supp 809).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the remaining causes of action. Contrary to the defendants' contentions, the complaint states a cause of action under ECL 37-0107, since 6 NYCRR 597.1 (a) specifically includes petro-

leum as a hazardous substance the discharge of which is prohibited under that statute. Whether the defendants are liable under Navigation Law article 12 is an issue of fact, and the conclusory allegations of the defendant Tim Cook are insufficient to establish the defendants' right to summary judgment. Regardless of whether the defendant Tim Cook is an owner of the property, he may still be liable under Navigation Law § 181 if he is found to have discharged petroleum in violation of that statute.

We also agree with the Supreme Court that the defendants failed to make a good faith attempt to resolve the disclosure issues as required by 22 NYCRR 202.7 (a) (2).

The defendants' remaining contentions lack merit. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.