■ STANLEY NOWAK et al., Appellants-Respondents, v CAROLINE MADURA et al., Respondents-Appellants. [757 NYS2d 773] —In an action to recover for damage to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 4, 2002, as granted those branches of the separate motions of the defendants Caroline Madura and C. Madura B. Corp., and the defendant James Bastek pursuant to CPLR 3212 and 3211 which were to dismiss the first and third causes of action insofar as asserted against them, and the defendants Caroline Madura and C. Madura B. Corp., and James Bastek separately cross-appeal from so much of the same order as denied those branches of their respective motions pursuant to CPLR 3212 and 3211 which were to dismiss the second and fourth causes of action insofar as asserted against them. Justice Altman has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In this dispute over a watershed drainage area servicing the parties' respective properties, the Supreme Court properly dismissed the plaintiffs' first and third causes of action. The first cause of action, alleging that the defendants' unauthorized alterations to the drainage system servicing the area constituted a violation of Environmental Conservation Law § 15-1947 (2), cannot be maintained. That statute does not confer a private cause of action (*see Town of Wilson v Town of Newfane,* 181 AD2d 1045 [1992]; *cf. Carrier v Salvation Army,* 88 NY2d 298, 302 [1996]). The plaintiffs' third cause of action, sounding in trespass, was also properly dismissed, as the plaintiffs failed to establish that the defendants intentionally intruded on their property (*see Iglesias v Dazi,* 253 AD2d 515, 516-517 [1998]).

The Supreme Court properly declined to dismiss the second and fourth causes of action. In their second cause of action, the

plaintiffs sufficiently set forth a claim to recover damages for private nuisance (*cf. Weinberg v Lombardi,* 217 AD2d 579 [1995]), and the fourth cause of action sufficiently states a claim for equitable relief pursuant to CPLR article 63.

The parties' remaining contentions are without merit. Altman, J.P., Feuerstein, McGinity and H. Miller, JJ., concur.