■ In the Matter of RAGLAN GEORGE, JR., et al., Appellants, v MICHAEL BLOOMBERG, Respondent. [769 NYS2d 535]—

Order, Supreme Court, New York County (Lottie Wilkins, J.), entered May 16, 2003, which, in a CPLR article 78 proceeding brought by labor unions representing employees of day care centers funded by respondent City of New York, seeking to enjoin the City from supplanting, rather than supplementing, its tax levy and other monies earmarked for child care services with federal Child Care and Development Block Grant (CCDBG) monies, in violation of various federal and state statutes and regulations pertaining to CCDBG monies, including 18 NYCRR 415.11 (d) (5), granted the City's motion to dismiss the proceeding for lack of capacity to sue, unanimously affirmed, without costs.

The IAS court dismissed the petition on the ground that the CCDBG Act (42 USC § 9858 *et seq.*) cannot be enforced through a private right of action. On appeal, petitioners argue that for purposes of the mandamus relief they seek, it is not necessary for them to show an express or implied private right of action under the Act, only that they were harmed by the alleged diversion of earmarked monies in violation of the Act and are in the zone of interests to be protected (citing *Hernandez-Avalos v Immigration & Naturalization Serv.*, 50 F3d 842, 846 [10th Cir 1995], and *Matter of Dairylea Coop. v Walkley*, 38 NY2d 6 [1975]). We reject that argument. *Hernandez-Avalos* is in conflict with *Gonzaga Univ. v Doe* (536 US 273, 283 [2002]), which "reject[s] the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under [42 USC] § 1983" to enforce a federal funding statute, and in *Dairylea* there was no clear legislative intent to negate a private right of action (38 NY2d at 11). Here, Congress clearly manifested its intent to negate a private right of action by creating an enforcement scheme that involves only federal

administrative action (42 USC § 9858g [b] [2]). We are not persuaded otherwise by Social Services Law § 410-bb manifesting legislative concern for the low salaries of day care workers (*see Mark G. v Sabol*, 93 NY2d 710, 720-721 [1999]). We have considered and rejected petitioners' remaining claims. Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.