■ ANN MARIE ALAIMO et al., Respondents-Appellants, v TOWN OF FORT ANN et al., Apellants-Respondents. [883 NYS2d 321]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Krogmann, J.), entered March 21, 2008 in Washington County, which, among other things, partially denied defendants' motions to dismiss the complaint.

The Hadlock Pond dam, which had just been reconstructed, failed catastrophically on July 2, 2005. Hadlock Pond is located in the Town of Fort Ann, Washington County, and is created by a dam owned by defendant Town of Fort Ann. The original dam was constructed in the late 1800s, with subsequent repair and replacement over the years. The cost of maintaining and operating the dam is reportedly paid from revenue received from a separate taxing district (Lake Hadlock Park District), which is comprised of owners with frontage on or access rights to the pond. An apparent problem with the dam's spillway resulted in the subject reconstruction project, which was allegedly completed in the spring of 2005. Shortly thereafter, the dam failed and numerous lawsuits ensued. In those actions, it was asserted that the plans were designed by defendant HTE Northeast, Inc., the work was performed by defendant Kubricky Construction Corporation and the materials were tested by defendant Atlantic Testing Laboratories, Ltd..

Plaintiffs, owners from the Lake Hadlock Park District, al-

leged, among other things, causes of action in negligence and nuisance. While these upstream owners did not suffer the type of damages from sudden rushing water sustained by owners of property located downstream from the dam, they nonetheless asserted various damages including loss of use of the pond and damage to their property. Defendants moved to dismiss the complaint for failure to state a cause of action. Plaintiffs opposed the motions and cross-moved for leave to serve an amended complaint adding a cause of action alleging that they were third-party beneficiaries of the Town's contracts with other defendants. Supreme Court dismissed one cause of action (the third cause of action which was premised upon ECL 15-0507), limited the nuisance cause of action and otherwise denied defendants' motions. Plaintiffs' cross motion to amend was also denied. Defendants appeal and plaintiffs cross-appeal.

We consider first defendants' appeal, in which they argue that they did not owe a duty to plaintiffs—upstream owners—and, accordingly, that the action should have been dismissed in its entirety. Procedurally, defendants' appeal involves a CPLR 3211 motion to dismiss, where "the court will 'accept the facts as alleged in the complaint as true [and] accord plaintiffs the benefit of every possible favorable inference' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[T]he dispositive inquiry is whether [plaintiffs have] a cause of action and not whether one has been stated, i.e., 'whether the facts as alleged fit within any cognizable legal theory' " (*IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1356 [2008], *lv denied* 11 NY3d 706 [2008], quoting *Leon v Martinez*, 84 NY2d at 87-88).

While the scope of duty presents a legal question involving the weighing of a variety of factors (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288 [2001]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585 [1994]), defendants have framed the duty issue for purposes of their CPLR 3211 motions as dependent upon whether plaintiffs sustained only economic damages and they rely heavily upon a case where, in the wake of construction accidents that temporarily closed sections of New York City, the Court of Appeals drew the line demarcating the scope of duty to include those who sustained personal injuries or property damage, but did not extend a duty to businesses suffering solely economic loss (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d at 290-292). One weighty factor in that case was the potential for broadly expansive liability to an indeterminate class of persons (*id.* at 289-291), a factor which defendants urge can be

analogized to the facts at hand. However, crucial distinctions keep the reins of liability more taut in the current case. First, plaintiffs are a determinable group limited to those who pay a special tax to maintain the dam and either own property adjoining the pond or have rights to use it. Second, accepting as true all facts asserted by plaintiffs, as we must at this procedural juncture (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d at 1356), there are sufficient allegations that plaintiffs sustained legally recognized property damages to avoid dismissal.

With regard to the potential property damages sustained by plaintiffs, we initially note that water rights generally constitute property rights (*see e.g. Matter of Van Etten v City of New York*, 226 NY 483, 486-487 [1919]; *Matter of Niagara Mohawk Power Corp. v Cutler*, 109 AD2d 403, 405 [1985], *affd* 67 NY2d 812 [1986]; 78 Am Jur 2d, Waters § 35). Judge Cardozo has instructed that "[t]he law of water rights is not an inflexible body of precedent" (*Howard v City of Buffalo*, 211 NY 241, 263 [1914]). While the rights of owners bordering a pond or lake created by a dam are generally not the same as the riparian (or littoral) rights of those adjoining a natural body of water, the circumstances surrounding the creation and use of an artificial body of water may under some circumstances give rise to rights similar to owners of property on the shoreline of a natural body of water (*see Alderson v Fatlan*, 231 Ill 2d 311, 319-323, 898 NE2d 595, 600-602 [2008]; Tarlock, Water Rights & Resources §§ 3:25, 3:26 [2008]; *cf. City of Syracuse v Stacey*, 169 NY 231, 245 [1901] ["the value of water depends largely upon surrounding circumstances"]). "Simply put, in some cases, where the usage of the artificial body of water has long been settled, it may be appropriate to treat the artificial body as the legal equivalent of a natural one" (*Alderson v Fatlan*, 231 Ill 2d at 322, 898 NE2d at 602; *see Hammond v Antwerp Light & Power Co.*, 132 Misc 786, 797-798 [1928]; *cf. Townsend v McDonald*, 12 NY 381, 390 [1855]).

Some of the relevant circumstances here include a pond that was reportedly created over 100 years ago. Plaintiffs pay a separate tax to one defendant (the Town) for the alleged specific purpose of keeping the dam maintained and the pond intact. They assert that the pond greatly enhances the value of their property. That enhancement is allegedly directly related to the recreational opportunities and scenic setting provided by the pond created by the dam. Plaintiffs have set forth sufficient allegations to raise an issue as to whether their property should be treated as having rights similar to those upon a natural body

of water. The temporary loss of that pond can give rise to a cognizable claim. We agree with Supreme Court that dismissal for failure to state a cause of action is not appropriate.*

We turn to the issues raised by plaintiffs in their cross appeal. They contend that Supreme Court erred in holding that ECL 15-0507 does not confer a private cause of action. A dam owner who violates ECL 15-0507 (1) may be penalized (*see* ECL 71-1109 [1]), but only the Attorney General is specifically authorized to bring an action to recover those penalties (*see* ECL 71-1127 [1], [2]). The Second Department has held, with regard to another duty imposed by ECL article 15 (*see* ECL 15-1947 [2]) which is enforceable via ECL 71-1127, that a private cause of action was not created (*see Nowak v Madura*, 304 AD2d 733, 733 [2003]). We are unpersuaded that the statutory scheme supports a different result for ECL 15-0507 (*see generally Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-635 [1989]).

Plaintiffs further argue that they should have been permitted to serve a second amended complaint adding a third-party beneficiary cause of action. "It is well settled that a motion to amend the complaint is addressed to the sound discretion of the court and, in the absence of a clear abuse of such discretion, the determination will not be disturbed on appeal" (*Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662, 662 [2002], *lv dismissed and denied* 99 NY2d 575 [2003] [citation omitted]). On this record, Supreme Court acted within its discretion in concluding that the further amendment should not be permitted (*see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45 [1985]). The remaining arguments of the parties have been considered and found unavailing.

Spain, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We are not suggesting that plaintiffs are entitled to all the types of damages they assert and, in fact, it appears that their remedies, if any, may well be much more circumscribed than set forth in their complaint. Moreover, although defendants do not have identical obligations, we have treated them essentially as a singular entity for the narrow purpose of this appeal since they jointly set forth one aspect of the duty argument as a ground for dismissal as to all. Once the underlying facts are developed through disclosure and plaintiffs' theories fleshed out, summary judgment for some—or all—defendants may be a viable remedy (*see generally Bird v Trust Co. of N.J.*, 234 AD2d 812, 814 [1996]).