[906 NYS2d 721]

WOMEN'S VOICES FOR THE EARTH, INC., et al., Petitioners, v
PROCTER & GAMBLE COMPANY et al., Respondents.

Supreme Court, New York County, July 30, 2010

**APPEARANCES OF COUNSEL**

*Weil, Gotshal & Manges LLP*, New York City (*Theodore E. Tsekerides* of counsel), for Procter & Gamble Company and oth-

ers, respondents. *Proskauer Rose LLP*, New York City (*Richard M. Goldstein* and *Kevin J. Perra* of counsel), for Church & Dwight Co., Inc., respondent. *Harris Beach PLLC*, Pittsford (*Joseph D. Picciotti* of counsel), for Reckitt Benckiser, Inc., respondent. *Sidley Austin LLP*, New York City (*John J. Kuster* of counsel), for Colgate-Palmolive Inc., respondent. *EarthJustice, Inc.*, Cold Spring (*Keri N. Powell* of counsel), and *EarthJustice, Inc.*, New York City (*Deborah Goldberg* of counsel), for petitioners.

**OPINION OF THE COURT**

RICHARD F. BRAUN, J.

This is a special proceeding seeking a declaratory judgment and an injunction in mandamus to compel respondents to comply with New York State Department of Environmental Conservation (DEC) regulations that require respondents to file reports of ingredients used in their household cleaning products. Environmental Conservation Law § 35-0107 authorizes promulgation of the subject regulations, and DEC's regulation (6 NYCRR 659.6 [a]) provides for the subject ingredient reports. Respondents move, pursuant to CPLR 3211 (a) (3) and (7), to dismiss the amended petition or alternatively to stay the proceeding pending the joinder of the DEC. Respondents contend that there is no private right of action, that petitioners did not exhaust their administrative remedies, that they lack standing as they suffered no harm different from the general public, that the subject regulations are discretionary making mandamus unavailable, and that the DEC is a necessary party. Petitioners counter that the regulations are mandatory on their face, that CPLR article 78 and the common law give petitioners a right to proceed on their cause of action in mandamus, that they have standing because petitioners' members use the products and need the information, and that DEC is not a necessary party as DEC's actions are not being challenged.

Where respondents to an article 78 proceeding move to dismiss under CPLR 7804 (f), objections in point of law are "limited to threshold objections of the kind listed in CPLR 3211 (a) which are capable of disposing of the case without reaching the merits." (*Matter of Hull-Hazard, Inc. v Roberts*, 129 AD2d 348, 350 [3d Dept 1987] [citation omitted], *affd for reasons stated below* 72 NY2d 900 [1988].) The allegations in the petition must be deemed true and the merits only assessed to the extent of deciding the motions to dismiss (*Matter of Ostrowski v*

*County of Erie*, 245 AD2d 1091, 1092 [4th Dept 1997]; *Matter of Mattioli v Casscles*, 50 AD2d 1013 [3d Dept 1975]).

Standing for organizations such as petitioners "to maintain an action on behalf of [their] members requires that some or all of the members themselves have standing to sue" (*see Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333 [1984]). To have standing, petitioners' members' injuries must

> "fall within the concerns the Legislature sought to advance or protect by the statute assur[ing] that groups whose interests are only marginally related to, or even inconsistent with, the purposes of the statute cannot use the courts to further their own purposes at the expense of the statutory purposes. . . .
>
> "[Petitioners' members], for standing purposes, must show that [they] would suffer direct harm, injury that is in some way different from that of the public at large." (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991] [citations omitted].)

Petitioners have not done so. Their members suffered injuries no different than the public at large. The rights of the general public should be protected by officials of the executive branch (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 334 [1983]).

In any event, there is no private right of action under ECL 71-3103, which gives the Attorney General the power to enforce ECL article 35 (*cf. Alaimo v Town of Fort Ann*, 63 AD3d 1481, 1484 [3d Dept 2009] [same for ECL 15-0507 and 71-1127 (1), (2)]; *Nowak v Madura*, 304 AD2d 733, 733-734 [2d Dept 2003] [same for ECL 15-1947 (2)]; *Town of Wilson v Town of Newfane*, 181 AD2d 1045, 1046 [4th Dept 1992] [same for ECL article 27]). Petitioners do not fulfill the first prong of the private right of action inquiry, which is whether they are part of "the class for whose particular benefit the statute was enacted" (*Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]). Petitioners do not show that they and their members belong to such a class. The statute was to benefit the general public at large. That relief is sought in an article 78 proceeding seeking mandamus relief does not lead to a different result (*cf. Delgado v New York City Hous. Auth.*, 66 AD3d 607, 608 [1st Dept 2009] [the petitioners did not have a private right of action for the declaratory and injunctive relief that they sought for violations of the Housing

Maintenance Code because it was held that, under NY City Charter § 1802 (1) and Administrative Code of City of NY §§ 27-2120, 27-2121, 27-2122, only the Commissioner of the New York City Department of Housing Preservation and Development can seek relief for code violations]; *Matter of St. Margaret's Ctr. v Novello*, 23 AD3d 817, 820 [3d Dept 2005] [where it was held that 42 USC § 1396a (a) (30) (A) did not create any private right of action that could be enforced in the context of a CPLR article 78 proceeding for health care providers such as the petitioners]; *Matter of George v Bloomberg*, 2 AD3d 294, 294 [1st Dept 2003] [rejecting the argument that, because the petitioners sought mandamus in an article 78 proceeding, "it is not necessary for them to show an express or implied private right of action under (42 USC § 9858 *et seq.*), only that they were harmed by the alleged diversion of earmarked monies in violation of the Act and are in the zone of interests to be protected" (citations omitted)]).

Accordingly, the amended petition has been dismissed by this court's decision and order, dated July 28, 2010 (*cf. Megibow v Condominium Bd. of Kips Bay Towers Condominium, Inc.*, 38 AD3d 265 [1st Dept 2007] [the declaratory judgment claim was dismissed where there was no justiciable controversy]; *Dweck v Oppenheimer & Co., Inc.*, 30 AD3d 163 [1st Dept 2006] [the motion to dismiss the cause of action for a declaratory judgment was granted]; *Elkort v 490 W. End Ave. Co.*, 38 AD2d 1, 2-4 [1st Dept 1971] [the CPLR 3211 (a) (2) and (7) motion to dismiss the complaint for a declaratory judgment should have been granted]). The amended petition was denied by a separate decision order and judgment of that date.