■ GEYSIR SALES CORPORATION, INC., Respondent, v ARCTIC GLACIER, INC., et al., Appellants. [909 NYS2d 668]—

In an action to recover damages for injury to property, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 7, 2009, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action to recover damages pursuant to Environmental Conservation Law § 37-0107.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action to recover damages pursuant to Environmental Conservation Law § 37-0107 is granted.

The complaint alleged that, on April 16, 2009, a substantial amount of ammonia escaped from the defendants' ice-manufacturing facility, causing damage to the plaintiff's property, which was located adjacent to the defendants' facility. The plaintiff commenced this action against the defendants, alleging various causes of action, including a cause of action to recover damages pursuant to Environmental Conservation Law § 37-0107.

The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages pursuant to ECL 37-0107. The ECL did not create a private cause of action to recover damages for violations of this provision (*see* ECL 71-3703; *Alaimo v Town of Fort Ann*, 63 AD3d 1481, 1484 [2009]; *Nowak v Madura*, 304 AD2d 733 [2003]; *Town of Wilson v Town of*

*Newfane,* 181 AD2d 1045, 1046 [1992]). We note that *Berens v Cook* (263 AD2d 521 [1999]) is distinguishable because, in that case, the court was not presented with, and did not consider, the argument that violations of ECL 37-0107 are not enforceable by private causes of action to recover damages. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.