Matter of Churches United for Fair Hous., Inc. v De Blasio (2020 NY Slip Op 01246)





Matter of Churches United for Fair Hous., Inc. v De Blasio


2020 NY Slip Op 01246


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11067 151786/18

[*1] In re Churches United for Fair Housing, Inc., et al., Petitioners-Appellants,
v
Bill De Blasio, etc., et al., Respondents-Respondents.


Communities Resist, Inc., Brooklyn (Adam Meyers of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for Bill De Blasio and the City of New York, respondents.
Fox Rothschild LLP, New York (Karen Binder of counsel), for Harrison Realty, LLC, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 1, 2018, which denied the amended hybrid CPLR article 78 petition and declaratory judgment complaint seeking an order annulling respondent City of New York's October 31, 2017, approval of an application brought by respondent Harrison Realty LLC (Harrison) for rezoning of its Pfizer Site housing development project, and dismissed the proceeding, unanimously affirmed, without costs.
As conceded by the parties, there is no express or implied private right of action for enforcement of 42 USC § 3608, the Federal Housing Act's provision requiring the Department of Housing and Urban Development to affirmatively further fair housing (AFFH) (see 42 USC §§ 3602[f], 3613[a][1][A]; Latinos Unidos De Chelsea En Accion (Lucha) v Secretary of Hous. & Urban Dev., 799 F2d 774, 791-792 [1st Cir 1986]; MHANY Mgt. v County of Nassau, 843 F Supp 2d 287, 333 [ED NY 2012], affd in part, vacated on other grounds in part 819 F3d 581 [2d Cir 2016]).
Because there is no private right of action for enforcement of Section 3608 — let alone any "unambiguously conferred right" — petitioners may not use 42 USC § 1983 as a mechanism to sue for enforcement of section 3608 (Gonzaga Univ. v Doe, 536 US 273, 283 [2002]; accord Matter of George v Bloomberg, 2 AD3d 294, 294 [1st Dept 2003], lv denied 2 NY3d 707 [2004]; see MHANY, 843 F Supp 2d at 336-337; South Middlesex Opportunity Council, Inc. v Town of Framingham, 2008 WL 4595369, at *17, 2008 US Dist LEXIS 85764, at *51-52 [D Mass 2008]).
Assuming, arguendo, that petitioners may bring a CPLR article 78 proceeding to challenge the City's action (see Matter of East Ramapo Cent. Sch. Dist. v King, 29 NY3d 938 [2017]; cf. George, 2 AD3d at 294), we find that the City amply met its AFFH obligation through facially race-neutral measures to expand the supply of affordable housing, by ensuring that Harrison complied with the City's standing ratios of affordable to market housing (see Texas Dept. of Hous. & Community Affairs v Inclusive Communities Proj., Inc., ___ US ___, 135 S Ct 2507, 2522-2525 [2015]). The City also permissibly responded to community concerns about apartment sizes by conditioning approval of the project on another facially race-neutral measure, namely, the developer's execution of a restrictive declaration — formulated as a covenant running with the land — capping the percentage of three- and four-bedroom affordable units. This measure prudently balanced apartment sizes in order to reflect assessed need among area residents, as reflected in extensive public comment during the many hearings held during the months of overlapping review.
Accordingly, the City's review comported with its AFFH duties under the FHA under prevailing HUD regulations (see 24 CFR § 5.152; 80 Fed Reg 42272, 42349 [2015]). In particular, having taken facially race-neutral measures to promote affordable housing in the project, the City was not required to perform analysis aimed at forecasting the mix of ethnicities expected to occupy units in the development, and the corresponding impact on prevailing area patterns of racial and ethnic concentration.
For the same reasons, the City's review was rational and not contrary to law (see CPLR 7803; Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK